## Henry Potteiger, Plff. in Err., v. Lavina Potteiger et al., Exrs. of Adam Potteiger, Deceased.

As a defense to a past due promissory note signed by the defendant and payable to the plaintiffs' testator, the defendant alleged that the note was given for the accommodation of the testator, and in support of the allegation proved that the date of the note was written with ink different from that used in the rest of the note, and that when the note was protested he had sent notice to the testator complaining that the testator did not attend to his business, to which the testator replied that it was the defendant who did not attend to his business,—*Held*, that this evidence was properly submitted to the jury, and that a comment upon its inadequacy was not error.

(Argued January 21, 1887.    Decided March 14, 1887.)

January Term, 1887, No. 178, E. D., before MERCUR, Ch. J.. GORDON, PAXSON, TRUNKEY, STERRETT, and GREEN, JJ. Error to the Common Pleas of Berks County to review a judgment on a verdict for the plaintiffs in an action of assumpsit. Affirmed.

The facts as they appeared at the trial before ERMENTROUT, J., were stated in his charge to the jury, which was as follows:

The executors of Adam Potteiger bring suit upon this promis-

NOTE.—So long as the court does not give binding instructions, but leaves the question of fact to the jury. it is not error to express an opinion as to the weight or effect of the evidence. Pool v. White, 175 Pa. 459, 34 Atl. 801; Fredericks v. Northern C. R. Co. 157 Pa. 103, 22 L. R. A. 306, 27 Atl. 689; Schuylkill River E. S. R. Co. v. Stocker, 128 Pa. 233, 18 Atl. 399. This is true even in criminal cases. McClain v. Com. 110 Pa. 263, 1 Atl. 45; Com. v. Orr, 138 Pa. 276, 20 Atl. 866; Com. v. Eckerd, 174 Pa. 137, 34 Atl. 305.

sory note, which is dated March 3, 1881, payable ninety days after date, in the sum of $1,000. When this note fell due on the 4th of June, 1881, neither Adam Potteiger nor Henry Potteiger appearing to make payment of the note, the note was duly protested. Subsequently to that time it appears that Adam Potteiger paid the note, and his estate claims that Henry Potteiger owes the amount of this note, with interest, from the time the note became due.

There is no dispute about the signatures of the note. The note is admitted to be a genuine note; and so far as the face of the note is concerned, the law would import that Henry Potteiger was indebted to Adam Potteiger upon this note in the sum of $1,000, with interest, as claimed by the plaintiffs, for when a man's name appears upon a note as a maker, the party whose name appears as the first indorser, or the man to whose order the note is payable, has a right to bring suit against the maker and recover the amount of the note. I say, upon its face, it would import that contract.

The defendant, however, alleges that instead of Henry Potteiger owing this money, Henry Potteiger simply loaned his name as an accommodation; and instead of this being Henry Potteiger's debt it is in fact Adam Potteiger's. When a note of this character is laid down before you, and admitted to be genuine, you start out with the presumption that it is exactly what the note calls for, and that upon its face it implies an indebtedness upon the part of Henry Potteiger to Adam Potteiger. It then remains for the defendant to show to you that he is not liable upon this note; for unless he shows that to you, there must be a recovery in this case.

Now, what is the testimony? There are no witnesses called as to the giving or the making of these notes. They first put in evidence the note for which this last note was given in renewal. When that note is examined you will see that it is a note signed by Henry Potteiger, payable to the order of Adam Potteiger, and the law would imply that when that note fell due Henry Potteiger owed the amount set forth in that note to Adam Potteiger.

[They next allude to the date of these notes. It is not pretended that either of them was forged paper. They do not dispute the correctness of the dates of these notes, but they offered that in evidence as a fact from which you, gentlemen, are to

infer that it was Adam Potteiger's debt and not Henry Potteiger's, because there is a difference, an alleged difference, in the ink; and the theory is that Adam Potteiger obtained these notes in the first place and then took them to the bank or to some other place; and they ask you from that circumstance to infer that it was Adam Potteiger's debt and not Henry Potteiger's, and that this note was given for an accommodation.]

[What is the next evidence? They say that Adam Potteiger, the son, was sent by Henry Potteiger to his father to convey to him the protest of this last note, and to say that the father did not attend to his business; and they ask you to infer from the fact of the son having told the father that conversation that he had held with Henry Potteiger, that that was an acknowledgment on the part of Adam that it was his debt.

Probably if the simple fact as stated had been reported to Adam Potteiger, and he had said nothing, it might possibly then be used as a circumstance to show that it was his debt. But the testimony is that he denied it. The moment the matter was called to his attention, he said it was Henry that did not attend to his business; so that that testimony, if believed, instead of being an admission on the part of Adam Potteiger, might be construed into a denial of the allegation of the defendant here, that this was accommodation paper.]

[Now that is the only testimony in this case that they offer for your consideration to show you that this paper is accommodation paper—from what it reads upon its face. Is that testimony sufficient to satisfy twelve reasonable men that a promissory note in writing should be set aside? Is there anything in the testimony produced by the defendant that can in any way lead you to believe that this note was anything else than what it reads upon its face? If such testimony can convince you or satisfy you of that fact, then your verdict will be for the defendant.] But if such testimony fails to convince you or to satisfy you, rather, not convince you, that this is not Henry Potteiger's note, that it was for the accommodation of Adam Potteiger, then your verdict will be for the defendant. But if it does not give satisfactory proof, then your verdict must be in favor of the plaintiffs. And you will bear in mind always that when men give notes and place their names to them, the law implies that the maker of the note is responsible for its payment. You will start out, as I have said, with a presumption of this

kind; and if you find for the plaintiffs, you will find for the sum of $1,000, with interest from the 4th of June, 1881, and the costs of protests.

Verdict and judgment were for the plaintiffs.

The assignments of error specified the portions of the charge inclosed in brackets.

*Jeff. Snyder* and *Geo. F. Baer* for plaintiff in error.

*H. P. Keiser, J. H. Jacobs,* and *Chas. C. Kehr,* for defendants in error.—Where the plaintiff in an action on a promissory note is notified that proof of consideration will be required on the trial, and there is conflicting evidence on the question of consideration, the jury are to determine from all the evidence in the cause whether a consideration has been satisfactorily proved. Wire Book Sewing Machine Co. v. Crowell, 4 Sad. Rep. 499.

The burden of proving want of consideration rests on the defendant. Swain v. Ettling, 32 Pa. 486; Chitty, Bills, 69.

In every case of a promissory note the prima facies is in this respect in favor of the payee. It imports a valuable consideration. And that consideration must be impeached by the defendant with sufficient evidence before the plaintiff is required to make further proof. Hartman v. Shaffer, 71 Pa. 315; Knight v. Pugh, 4 Watts & S. 447, 39 Am. Dec. 99; Conmey v. Macfarlane, 97 Pa. 364.

PER CURIAM:

All the alleged errors are to the charge of the court. It is claimed that the language covered by the third specification is incorrect. It follows, however, a pretty full statement of the evidence, so that it is substantially correct. We see nothing in the general language of the charge to make it misleading. There is nothing therein which gives a just cause for reversing the judgment.

Judgment affirmed.